## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA    :

     v.    :

JOON PARK,    :    Criminal No. L-11-0600
   a/k/a Joon Pak,    :
   a/k/a Joon Paik,    :
LOREN YOUNG PARK,    :    **Filed *Ex Parte***
   a/k/a Loren Yong Park    :    **Under Seal**
   a/k/a Yong Park,    :
NICK PARK,    :
   a/k/a Nochol Park, and    :
JADE CAPITAL & INVESTMENTS, LLC,    :
         :
     Defendants.    :

...oOo...

### RESTRAINING ORDER

This matter is before the Court on the *ex parte* motion of the United States for a restraining

order issued pursuant to 21 U.S.C. §§ 853(e)(1)(A) and (4).

On November 8, 2011, the grand jury returned a criminal indictment charging the defendants

with bank fraud and conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349,

respectively. The forfeiture count in the indictment also alleges that the proceeds of those offenses,

and any assets that may be substituted therefore, are subject to forfeiture to the United States pursuant

to 18 U.S.C.§ 982(a)(2) and 21 U.S.C. § 853(p).

### A.    Authority to Issue a Restraining Order

Title 21, Section 853(e)(1)(A) authorizes the pre-trial restraint of assets subject to forfeiture

upon the filing of an indictment or information.[1]  In the Fourth Circuit, this provision applies equally

---

[1] The procedures relating to criminal forfeiture in 21 U.S.C. § 853 are made applicable to all criminal forfeiture cases by 28 U.S.C. § 2461(c).

to property directly traceable to the alleged offense and to substitute assets. *See United States v. Billman*, 915 F.2d 916, 920 (4th Cir. 1990).

The Government's motion for the restraining order may be made *ex parte*. *See United States v. E-Gold, Ltd.*, 521 F.3d 411, 417 (D.C. Cir. 2008) (agreeing with *Monsanto* that no pre-restraint hearing is required); *United States v. Holy Land Foundation for Relief and Development*, 493 F.3d 469, 475 (5th Cir. 2007) (*en banc*); *United States v. Monsanto*, 924 F.2d 1186, 1192-92 (2d Cir. 1991) (*en banc*). The criteria for granting a defendant a *post-restraint* hearing to seek modification of the restraining order are set forth in *United States v. Farmer*, 274 F.3d 800, 804-05 (4th Cir. 2001) (defendant entitled to pretrial hearing if property is seized for civil forfeiture if he demonstrates that he has no other assets available with which to retain counsel, and defendant makes a prima facie showing that the restrained property is not subject to forfeiture).

The standard for issuing a restraining order is probable cause. *United States v. Monsanto*, 491 U.S. 600, 615-16 (1989). In issuing a restraining order, the court may rely on the finding of probable cause made by the grand jury in returning the indictment. *See United States v. Bollin*, 264 F.3d 391, 421 (4th Cir. 2001) (the grand jury's finding of probable cause is sufficient to satisfy the Government's burden); *In re Billman*, 915 F.2d 916, 919 (4th Cir. 1990) (same); *United States v. Adams*, ___ F. Supp. 2d ___, 2011 WL 1707232 (N.D. W.Va. Apr. 15, 2011) (the court may rely on the grand jury's finding of probable cause in determining the amount of money the defendant will be ordered to repatriate under § 853(e)(4)); *United States v. Wingerter*, 369 F. Supp. 2d 799, 806 n.10 (E.D. Va. 2005) (the listing of the property in the forfeiture allegation in the indictment reflects the grand jury's finding of probable cause regarding the forfeitability of the property; the restraining order may be issued based on the showing of probable cause alone; there is no need to show, as there is for pre-indictment orders, that the property is likely to disappear).

Once the Government has made the required probable cause showing, the entry of a pre-trial restraining order is mandatory with respect to both the directly forfeitable property and any substitute assets. *See United States v. Monsanto*, 491 U.S. 600, 612-13 (1989) (the word "may" in section 853(e) means only that the district court may enter a restraining order if the Government requests it, but not otherwise, and that it is not required to enter the order if a bond or other means exists to preserve the property; it "cannot sensibly be construed to give district court[s] discretion to permit the dissipation of the very property that section 853(a) requires to be forfeited upon conviction"); *United States v. Wingerter*, 369 F. Supp. 2d 799, 811 (E.D. Va. 2005) ("there is no discretion to permit a defendant to spend assets that are subject to forfeiture, including substitute assets. They must be preserved for forfeiture."); *United States v. Amoruso*, 2009 WL 1037917 (N.D. W. Va. Mar. 30, 2009) (following *Monsanto* and *Wingerter;* issuance of a pre-trial restraining order is mandatory; the court's only discretion relates to the manner of the restraint; in the Fourth Circuit, this applies to substitute assets).

Property in which a third party has an interest may be subject to pre-trial restraint so that the Government's forfeitable interest in the property may be preserved. *See United States v. Bailey*, 419 F.3d 1208, 1218 (11th Cir. 2005) (noting that the Government is not without remedy when the forfeitable property is in the hands of a third party: it can request a pretrial restraining order); *United States v. Regan*, 858 F.2d 115, 121-22 (2d Cir. 1988) (restraining orders may include third party property where no other means are available and the property is in danger of dissipation); *United States v. Madoff*, 2009 WL 1055792 (S.D.N.Y. Apr. 20, 2009) (setting forth text of order restraining defendant, his wife, and anyone acting in concert with them or on their behalf from transferring or dissipating any of their assets). Third parties may not intervene in the criminal case to object to, or to seek modification of, the restraining order, but their rights are protected by their ability to contest

3

any ensuing order of forfeiture in the post-trial ancillary proceeding pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c), F.R.Crim.P. *See United States v. Holy Land Foundation for Relief and Development*, 493 F.3d 469, 476 n.10, 477 (5th Cir. 2007) (*en banc*); *United States v. Bundy*, 2008 WL 4133857, *2 (D. Md. 2008) (attorney asserting an attorney's lien on property subject to pre-trial restraining order must wait until the ancillary proceeding to contest the forfeiture as any other third party must do).

Pursuant to Section 853(l), the court in the district where a criminal indictment is pending may issue an order restraining property located in any other district. *Cf. United States v. Brown*, 2011 WL 1344177, *1 (D. Md. Feb. 28, 2011) (§ 853(l) authorizes the court to restrain substitute assets located in another district pursuant to § 853(g) after the defendant has been convicted).

**B.    Assets Subject to Forfeiture**

In this case, the Government seeks a restraining order to preserve certain assets that it alleges are directly traceable to the offenses set forth in the indictment, as well as certain other assets that will be subject to forfeiture as substitute assets if any of the defendants is convicted and the criteria for forfeiting substitute assets set forth in 21 U.S.C. § 853(p) are satisfied.

Section 982(a)(2) authorizes the forfeiture of all proceeds derived from the offenses alleged in the indictment. The term "proceeds" includes any property obtained or retained as a consequence of the offense. In the case of a business that would not have been solvent but for the infusion of illegally-obtained funds, the entire business may be subject to forfeiture as the proceeds of the offense. *See United States v. Warshak*, 631 F.3d 266, 329-330 (6th Cir. 2010) (all proceeds of defendant's business are forfeitable because the business was "permeated with fraud;" but even if a part of the business was legitimate, the proceeds of that part are nevertheless forfeitable if the legitimate side of the business would not exist but for the "fraudulent beginnings" of the entire

4

operation); *United States v. Farkas,* 2011 WL 5101752 (E.D. Va. Oct. 26, 2011) (if defendant's business would not have been solvent but for the infusion of fraud proceeds, all property obtained from the business is subject to forfeiture as property obtained "directly or indirectly" from the fraud, without credit for money traceable to any legitimate business activity).

If a business is subject to forfeiture or restraint, then so are all of the assets of the business, including any funds in any account at a financial institution. *See In re Restraint of Bowman Gaskins Financial Group Accounts,* 345 F. Supp. 2d 613, 621 (E.D. Va. 2004) (because entire business was forfeitable as property involved in a money laundering offense, any property derived from the business was forfeitable as well, even if the property is not traceable to the offense, and even if the business is not being forfeited); *United States v. Eleven Vehicles,* 836 F. Supp. 1147, 1155-56 (E.D. Pa. 1993) (because entire business was forfeitable as property involved in a money laundering offense, any property derived from the business was forfeitable as well); *United States v. $7708.78 in U.S. Currency,* 2011 WL 3489835, *3 (S.D. Miss. Aug. 9, 2011) (pharmacy used as a cover for the illegal distribution of drugs is forfeitable as facilitating property, and hence so are all of its assets, including funds in its bank accounts that include money traceable to legitimate sales).

In this case, the grand jury has identified the following assets as property directly traceable to the offenses alleged in the indictment:

* Any and all interest in Jade Capital & Investments, LLC

* Any and all interest in Second Street Car Wash Venture, LLC, d/b/a Prestige Car Wash

* All contents of Suntrust Bank Account # 1000061389119 held in the name of Jade Capital & Investments, LLC

* All contents of Suntrust Bank Account # 1000045561346 held in the name of Second Street Car Wash Venture, LLC

Additionally, the grand jury found probable cause to believe that the defendants obtained $37,852,390 in proceeds from the offense. Accordingly, the government seeks to restrain the following property as substitute assets to satisfy any money judgment for that amount that may be included in an order of forfeiture:

* Navy Federal Credit Union Account # 00002276208408 held in the name of Nick Park

* Suntrust Bank Account # 1000089797905 held in the name of Ciel Ceune Park Amb and Joon Park

* Suntrust Bank Account # 1000028790813 held in the name of Joon Park or Ingook Park

* Suntrust Bank Account # 1000077133212 held in the name of Joon Park or Ingook Park

* Suntrust Bank Account # 1000089796329 held in the name of Loren Young Park and Gyung E. Park

* Suntrust Bank Account # 202704920 held in the name of Park Family Partnership

* Sandy Spring Bank Account # 1428542201 held in the name of SP Investment, LLC

* Suntrust Bank Account # 1000062873657 held in the name of SP Investment, LLC

* Suntrust Bank Account # 1000096100556 held in the name of Woodbridge Mini-Mall, LLC

* Suntrust Bank Account # 1000015655367 held in the name of Woodbridge Mini-Mall, LLC/Hi-Mart- Main Office o-2

* Real Property known and numbered as 502 W. Broad Street, Falls Church, Virginia 22046, held in the name of Joon and Ingook Park

* Any and all interest in SP Investment, LLC

* Any and all interest in Hoadly Road Venture, LLC

* Any and all interest in Park Family Partnership

* Any and all interest in Sorak Garden Restaurant, Inc.

* Any and all interest in Hi Mart Money Store, Inc.

* Any and all interest in Woodbridge Hi Mart

* Any and all interest in Woodbridge Mini-Mall, LLC

* Any and all interest in 5401 Marlboro Pike Venture, LLC

* Any and all interest in Marlboro Pike Car Wash, Inc.

* Any and all interest in Marlboro Pike Lube Service, Inc.

## C.   **Repatriation of Forfeitable Property from Abroad**

Section 853(e)(4)(A) provides that the "court may order a defendant to repatriate any property that may be seized and forfeited, and to deposit that property pending trial in the registry of the court . . . ." Accordingly, the Government has requested that an affirmative order directing the defendants to repatriate any forfeitable property to the United States be included as part of the pre-trial order. *See United States v. Adams,* 2010 WL 4069009 (N.D. W. Va. Oct. 13, 2010) (the Supreme Court's holding in *Monsanto* that the preservation of assets for criminal forfeiture is mandatory applies equally to assets overseas; the court therefore must enter an order directing defendants to repatriate any forfeitable property; in the Fourth Circuit this applies to substitute assets); *United States v. Adams,* ___ F. Supp. 2d ___, 2011 WL 1707232 (N.D. W.Va. Apr. 15, 2011) (the court may rely on the grand jury's finding of probable cause in determining the amount of money the defendant will be ordered to repatriate under § 853(e)(4)).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 21 U.S.C. § 853(e)(1)(A), THAT:

The following property (hereinafter, collectively, the "Property") is restrained in the manners described below.

* Jade Capital & Investments, LLC

* Second Street Car Wash Venture, LLC, d/b/a Prestige Car Wash

* All contents of Suntrust Bank Account # 1000061389119 held in the name of Jade Capital & Investments, LLC

* All contents of Suntrust Bank Account # 1000045561346 held in the name of Second Street Car Wash Venture, LLC

* Navy Federal Credit Union Account # 00002276208408 held in the name of Nick Park

* Suntrust Bank Account # 1000089797905 held in the name of Ciel Ceune Park Amb and Joon Park

* Suntrust Bank Account # 1000028790813 held in the name of Joon Park or Ingook Park

* Suntrust Bank Account # 1000077133212 held in the name of Joon Park or Ingook Park

* Suntrust Bank Account # 1000089796329 held in the name of Loren Young Park and Gyung E. Park

* Suntrust Bank Account # 202704920 held in the name of Park Family Partnership

* Sandy Spring Bank Account # 1428542201 held in the name of SP Investment, LLC

* Suntrust Bank Account # 1000062873657 held in the name of SP Investment, LLC

* Suntrust Bank Account # 1000096100556 held in the name of Woodbridge Mini-Mall, LLC

* Suntrust Bank Account # 1000015655367 held in the name of Woodbridge Mini-Mall, LLC/Hi-Mart- Main Office o-2

* Real Property known and numbered as 502 W. Broad Street, Falls Church, Virginia 22046, held in the name of Joon and Ingook Park

* SP Investment, LLC

* Hoadly Road Venture, LLC

*      Park Family Partnership

*      Sorak Garden Restaurant, Inc.

*      Hi Mart Money Store, Inc.

*      Woodbridge Hi Mart

*      Woodbridge Mini-Mall, LLC

*      5401 Marlboro Pike Venture, LLC

*      Marlboro Pike Car Wash, Inc.

*      Marlboro Pike Lube Service, Inc.

**PROHIBITED ACTIVITIES**:

IT IS HEREBY FURTHER ORDERED THAT:

The defendants and all persons acting on behalf of or in concert with them are enjoined from:

1.     Entering into any agreement to sell the Property, or any part of or interest in the Property, during the pendency of this criminal case, unless the District Court orders the Property sold in an interlocutory sale, with the net proceeds to be deposited into an interest-bearing account as the substitute *res*, held in the custody and control of the United States Marshals Service ("USMS").

2.     Transferring, encumbering, or disposing of the Property, or any part of or interest in the Property, by any means, except as provided herein or by further order of this Court.

3.     Selling, assigning, pledging, distributing, giving away, encumbering, spending, or otherwise participating in the disposal of, or removal from, the jurisdiction of this Court, any asset of any corporation, partnership or other business entity named herein, including the liquid assets of such entity in any act at a financial institution, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order.

4.       Knowingly allowing any illegal activity to occur at the Property or on any premises controlled, leased, maintained or owned by any of the business entities named herein during the pendency of this criminal case.

IT IS FURTHER ORDERED THAT:

5.       All persons, financial institutions, and other entities who have or assert any access to, interest in, control over, or legal claim to the Property included in this Order, and all such persons' or entities' agents, servants, employees, attorneys, family members, and those persons in active concert or participation with them, including but not limited to all owners, directors, managers of, and entities related to the Property, are hereby restrained, prohibited, and enjoined from attempting or taking any action that would affect the availability, marketability, or value of the property, including but not limited to, selling, conveying, transferring, distributing, bailing, assigning, mortgaging, pledging, collateralizing, hypothecating, encumbering, wasting, secreting, damaging, failing to preserve and maintain, diminishing the value of, disposing of, or removing from the jurisdiction of this Court, all or any part of their interest, direct or indirect, in the Property.

**MAINTAINING THE PROPERTY**

IT IS FURTHER ORDERED that, during the pendency of this criminal case, the defendants are ordered to do the following with respect to the real property named herein, or any real property owned leased, or occupied in whole or in part by any business entity named herein:

6.       Defendants shall take all reasonable precautions to prevent the destruction or diminution in value of the Property and any fixtures thereto.

7.       Defendants shall maintain the yard and any landscaping in its current condition and shall not allow trash or other debris to accumulate.

8.      Defendants shall maintain fire, flood, and hazard insurance on the Property and shall provide certification of such insurance to the USMS or their designees within 48 hours of receiving a request for same.

9.      Defendants shall ensure that all property taxes are paid on time and do not become delinquent.

10.     Defendants shall neither take, nor knowingly permit or aid and abet, any action to destroy, damage, waste, dispose of, or transfer the Property, without authority of the Court, for the purpose of impairing or defeating the Court's jurisdiction over said Property.

**MONITORING**

IT IS FURTHER ORDERED that:

11.     The United States may monitor defendants' compliance with this Order by all lawful means available.

12.     The United States is authorized to cause a notice of *lis pendens* to be placed on the land records for the subject real property.

13.     Any financial institution holding any of the accounts listed in this Order shall:

a.   Take no offset against any such account.

b.   Continue to credit any deposits, interest, dividends, capital gains distributions, or other credits to any such account in the normal course of business, and that such deposits, interest, dividends, capital gains distributions, and other credits shall be subject to this Order.

c.   Upon receiving notice of this order, promptly inform the United States as to the account balances at the time of notice, and thereafter promptly respond to requests

11

from the United States for updated information about the accounts' status, balances, and activity.

14.     With respect to any of the businesses listed in this Order:

a. Maintain customer service -- The businesses named herein ("the businesses") shall maintain their existing service to all customers in compliance with all existing contracts, and shall not reduce the quality or frequency of service to any customer, unless and until further ordered by the Court, or unless or until approved by the USMS, their designee, or an appointed monitor.

b. Operate lawfully -- The businesses shall operate in compliance with all applicable federal, state, and local laws and regulations.

c. Follow GAAP in accounting, and preserve records -- The businesses shall conduct and record their transactions, bookkeeping, and accounting in accordance with Generally Accepted Accounting Principles ("GAAP"), and shall not discard or destroy any business records during the pendency of the Order, unless or until further ordered by the Court, or unless or until approved by the USMS, their designee, or an appointed monitor.

d. Discretion to review and require pre-approval of every transaction -- The USMS, their designees, and/or an appointed monitor shall have authority to require that the businesses obtain the prior written approval of the USMS/monitor for any transaction, or the incurring of any obligation, that would deplete the assets of the businesses, which approval shall be given if the transaction is found to be necessary in the ordinary course of business, as defined in paragraph (e)(i), below.  The USMS/monitor shall have the authority to pre-approve, in writing, designated categories of transactions to occur or obligations to incur, where the USMS/monitor determines that such categorical pre-approval is necessary for the effective operation of the business; but the USMS/monitor shall also have authority to examine all records and information concerning such transactions/obligations, and to revoke or revise such categorical authorization at

any time.  In addition, the USMS may alter the signature cards for any business bank account to

appropriately monitor the business; have access to online banking for the business bank accounts;

and remove access to any debit and/or credit cards as necessary.

      e.   Marshals' entry and access to conduct business review and appraisal -- The

USMS and/or their designees, are forthwith authorized to make entry into any part of any of the

businesses listed in this Order at any hour of the day or night, to conduct both a thorough review

of the business operations, and to complete an inspection, inventory, and appraisal of the

condition and value of the businesses.  The USMS may be accompanied by one or more

appraisers and/or federal agents and/or government and contract personnel selected by the USMS

to assist them.  In conducting the review and appraisal, the USMS shall have the following

authority:

      (i) Observe business operations -- To enter all premises and offices at any hour of

the day or night, to observe all aspects of the business' operations, including but

not limited to:  the daily accounting, recording, depositing, and processing of cash

and other receipts; payments of salaries, bills, and other business obligations;

communications with and solicitations of customers and potential customers;

hiring, firing, and supervision of employees; use, maintenance, and handling of

equipment; business activity occurring away from the office and business premises.

(ii) Review and copy documents and data -- To review, inspect, and copy all

documents and data relating to the operation of the business, including but not

limited to:  all books and records and data, whether in hard copy format,

microfiche, or magnetic, floppy-disc, ZIP drive, hard drive, local or remote server,

or any other computer-storage medium; the contents of all correspondence on file;

the contents of all incoming mail at all mail-receipt locations; all employee records

including personnel files, and payroll, benefit, pension, and retirement account records; all customer data, including lists, contracts, and locations, billing, accounts, and accounts receivable; all bank and financial records; and all records of loans, debts, mortgages, liens, or other security interests, whether issued by or held upon the business, or held upon any equipment, inventory, vehicle, account, account receivable or other thing of value of the business.

(iii) <u>Interview owners, managers, employees, and contractors</u> -- To interview owners, managers, employees, and independent contractors of the business with respect to business operations.

f.   <u>USMS to make recommendations; interim appointment of monitors; procedures</u> -- At any time during their business review, the USMS may recommend any modifications to the Court's Order that it deems necessary to: (1) preserve the availability and value of the property; (2) assure the lawful, continued operation of the businesses; and (3) satisfactorily complete their business review and appraisal. If at any time, the USMS determines that, in order to accomplish any of the foregoing three objectives, a substantial need exists to appoint one or more monitors to oversee a part or the whole of the business operations, the USMS shall make such interim appointment, and shall immediately notify the Court and the parties in writing of this decision, certifying that such a substantial need was determined to exist. The USMS may delegate to the appointed monitor(s) the powers and discretion, in whole or in part, that this Order confers upon the USMS. Within 30 days of the date of this Order, the USMS shall report to the Court in writing, based upon their business review, whether any modifications to the Court's Order are necessary to achieve the Order's objectives of (1) preserving the availability and value of the assets, and (2) assuring the lawful, continued operation of the business.

15.    The USMS shall also provide the court, as soon as practicable, with a reasonable estimate of the maximum fair market value of the restrained property, so that the court may determine whether the total value of the Property, including the substitute assets, exceeds the $37,852,390 that the grand jury has found to be subject to forfeiture.

**REPATRIATION OF ASSETS**

IT IS FURTHER ORDERED --

16.    Pursuant to Section 853(e)(4), the Defendants shall repatriate to the United States any all assets derived, directly or indirectly, from the conduct set forth in the indictment that are now, or are in the future found to be, outside of the United States; shall deposit such assets with the USMS; and shall provide an accounting to the Court and to the United States, within 30 days of this Order, describing the assets that have been so deposited, and any other assets within the scope of this Order that remain outside of the United States.  Any Defendant's act of compliance with this provision will not be admitted as evidence against that Defendant in any criminal proceeding.

IT IS FURTHER ORDERED --

17.    A copy of this Order shall be served by the United States Attorney's Office on all individuals or entities believed to have any share of ownership of, or custody of, or access to, the Property and all financial institutions having custody of all financial accounts listed in this Order and a return reflecting the dates and times of service shall be made.

So ordered this 10th day of Nov. , 2011.

Benson E. Legg
United States District Judge
District of Maryland

15