IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Case 1:11-CR-600JRR |
| **JOON PARK** | * | |
| **Defendant** | * | |

\*\*\*

## MEMORANDUM OPINION AND ORDER

The court has before it Defendant's Motion for Early Termination of Supervised Release. (ECF No. 339; the "Motion.") The court has considered the factors set forth in 18 U.S.C § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as set forth in 18 U.S.C. §3583(e). In order to thoroughly evaluate the identified factors, in addition to the papers submitted on the Motion, the court has closely examined Defendant's plea agreement at ECF No. 182, the Judgment and Statement of Reasons (ECF Nos. 221, 222), as well as the Presentence Report at ECF No. 206.

Mr. Park pled guilty to conspiracy to commit bank fraud (in violation of 18 U.S.C. § 1349) in connection with, and through, Jade Capital and Investments, LLC. Through the entity, Defendant conspired to defraud banks through submission of false documents for purposes of, *inter alia*, securing loans, and to secure related loan brokerage fees. Defendant, and co-conspirators, together collected in excess of $91 million as a result of the conspiracy. Following his guilty plea, on June 25, 2013,[1] Judge William D. Quarles, Jr., sentenced Defendant to 188 months' incarceration followed by four years of supervised release. Defendant began his sentence on February 24, 2014; on June 3, 2020, he was transferred to home confinement; and on October

---

[1] The Judgment bears a type-written date of June 20, 2013 as "Date of Imposition of Judgment," but the judge's signature line and ECF docketing date indicate the correct date is June 25, 2013.

23, 2023, Defendant began his period of supervised release (approximately six years prior to his anticipated release).  (Exs. A and B to ECF No. 341.)

In the Motion, Defendant requests early termination of his supervised release based on what he contends are 475 days of unaccounted time credits.  Defendant confusingly asserts he was "released from federal custody to home confinement on June 3, 2020 (due to the COVID pandemic) . . .," but, based on records of the Bureau of Prisons described above, Defendant conflates his transfer to home conferment with his release from federal custody.  The documents Defendant appends to his Motion as Exhibit B do not demonstrate to the satisfaction of the court that he accrued excess time credits that were not correctly applied.  Further, accounting for the 20 days' credit applied for pre-sentencing detention, Defendant served just north of 115 months of his 188-month sentence—which is to say that he served slightly more than 60% of his sentence.  The court agrees with the Government that this calculation reflects that "BOP was tracking his time credits under the" First Step Act.  (ECF No. 341 at p. 4.)  Regardless, assuming without finding that Defendant amassed unapplied time credits as of his release date, he is not entitled to application of those credits to shorten his period of supervised release.  *Valladares v. Rey,* 130 F.4th 74 (4th Cir. 2025); *United States v. Malik*, Case No. 24-7073, 2025 WL 973003 (4th Cir. Apr. 1, 2025).

Regarding Defendant's conduct that might warrant early termination, although Defendant makes reference to his good, worthwhile conduct while incarcerated and since his release,[2] and overall compliance with release conditions, he fails to set forth any bases on which the court could reasonably engage in thoughtful application and consideration of the factors set forth in 18 U.S.C

---

[2] Defendant avers he completed educational and rehabilitation programs while incarcerated, has "secured stable employment," participates in community service to aid Korean elder citizens, "established personal growth plans," and "[f]urthered his connection with his family."  (ECF No. 339 at p. 2.)

§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), (per 18 U.S.C. §3583(e)).  Therefore, the court is not satisfied that early termination of supervised release is warranted by Defendant's conduct or the interests of justice.

For the foregoing reasons, the Motion is **DENIED**.  Madam Clerk shall transmit a copy of this memorandum opinion and order to Defendant and all counsel of record.

                                                       /S/
                                         Julie R. Rubin
                                         United States District Judge

November 18, 2025